UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SCOTT ) | Case No. 2:12-cv-12864 |
| ) | Hon. David M. Lawson |
| Plaintiff, ) | Mag. Judge: Michael J. Hluchaniuk |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA, TROTT & TROTT, ) | |
| and BAC HOME LOAN SERVING, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT BANK OF AMERICA, N.A.'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA"), incorrectly sued as "Bank of America" and "BAC Home Loan Serving," through counsel, moves to dismiss Plaintiff's Amended Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) and the authorities cited in the Brief filed in support of this Motion to Dismiss. As further discussed in the attached Brief, Plaintiff failed to adequately allege a claim for breach of contract, fraud or racial discrimination.

In accordance with E.D. Mich. LR 7.1(a) and this Court's motion practice guidelines, on November 1, 2012, counsel for Defendants' contacted Plaintiff's counsel regarding concurrence in this Motion but was unable obtain concurrence in the relief sought.

WHEREFORE, Defendants respectfully request that this Court: (i) enter judgment in its favor and dismiss all of Plaintiff's claims with prejudice; (ii) award Defendant its costs and fees, including attorney fees, incurred in having to defend this action; and (iii) grant any other relief this Court deems appropriate.

    Respectfully submitted,

    Maddin, Hauser, Wartell, Roth & Heller, P.C.

    /s/ Kristina E. Janssens
    Kristina E. Janssens
    Maddin, Hauser, Wartell, Roth & Heller, P.C.
    28400 Northwestern Hwy, 3rd Floor
    Southfield, Michigan 48034
    Direct: (248) 359-7512
    kjanssens@maddinhauser.com
    *Attorneys for Bank of America, N.A.*

Dated: November 1, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN SCOTT | ) | Case No. 2:12-cv-12864 |
| | ) | Hon. David M. Lawson |
| Plaintiff, | ) | Mag. Judge: Michael J. Hluchaniuk |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, TROTT & TROTT, | ) | |
| and BAC HOME LOAN SERVING, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT BANK OF AMERICA, N.A.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ............................................................................ ii

CONTROLLING AND MOST APPROPRIATE AUTHORITY ..................................... iii

TABLE OF AUTHORITIES ................................................................................................ iv

I.    INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS .......................................................................................... 1

III.    STANDARD OF REVIEW ......................................................................................... 2

IV.    LEGAL ARGUMENT ................................................................................................. 3

    A.    Plaintiff's Amended Complaint Fails to Meet the Minimum Pleading Standdard Under Federal Rule of Civil Procedure 8 and Should Be Dismissed in Its Entirety ................................................................................................................................. 3

    B.    Plaintiff's Amended Complaint Fails to State a Claim for Breach of Contract. ...... 5

        1. Plaintiff Fails to Plead the Requisite Elements of a Breach of Contract Claim. 5

        2. Plaintiff's Prior Breach of the Mortgage Contract Bars His Cause of Action for Breach of Contract ................................................................................................ 6

    C.    The Amended Complaint Fails to State a Viable Fraud Claim ............................... 8

    D.    The Amended Complaint Fails to State a Cause of Action Under 42 U.S.C. § 1981 ........................................................................................................................... 8

V.    CONCLUSION ............................................................................................................. 9

## STATEMENT OF ISSUES PRESENTED

1) Does Plaintiff's Amended Complaint meet the pleading requirements of Federal Rule of Civil Procedure 8?

    o Defendant says no.

    o Plaintiff says yes.

2) Does Plaintiff's Amended Complaint adequately allege a cause of action for breach of contract?

    o Defendant says no.

    o Plaintiff says yes.

3) Do any allegations of fraud in Plaintiff's Amended Complaint meet the pleading requirements of Federal Rule of Civil Procedure 9?

    o Defendant says no.

    o Plaintiff says yes.

4) Does Plaintiff's Amended Complaint adequately allege a cause of action for racial discrimination?

    o Defendant says no.

    o Plaintiff says yes.

## **CONTROLLING AND MOST APPROPRIATE AUTHORITY**

Defendant relies on Fed. R. Civ. P. 12(b)(6), and the additional authorities cited in its accompanying brief.

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................. 2, 3, 4, 5

*Battah v. ResMAE Mortg. Corp.*,
  746 F. Supp. 2d 869 (E.D. Mich. 2010) ........................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 555, 127 S. Ct. 1955 (2007) ................................................................. 2, 3, 4,5

*Coffey v. Foamex L.P.*,
  2 F.3d 157 (6th Cir. 1993) ............................................................................................ 7

*Collins v. Macomb Co. Sheriff Anthony Wickersham, et al.*,
  862 F. Supp. 2d 649 (E.D. Mich. 2012) ........................................................................ 6

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*,
  508 F.3d 327 (6th Cir. 2007) ........................................................................................ 3

*Erickson v. Pardus*,
  551 U.S. 89, 127 S. Ct. 2197 (2007) ............................................................................ 2

*Greenberg v. Life Ins. Co. of Va.*,
  177 F.3d 5077 (6th Cir. 1999) ...................................................................................... 3

*Haviland v. Metropolitan Life Ins. Co.*,
  No. 11-13176, 2012 WL 2403484 (E.D. Mich. June 26, 2012) .................................... 5

*New Freedom Mortg. Corp. v. Globe Mortg. Corp.*,
  281 Mich. App. 63, 761 N.W.2d 832 (Mich. Ct. App. 2008) ........................................ 6

*QQC, Inc. v. Hewlett-Packard Co.*,
  258 F. Supp. 2d 718 (E.D. Mich. 2003) ........................................................................ 3

*RMI Titanium Co. v. Westinghouse Elec. Corp.*,
  78 F.3d 1125 (6th Cir. 1996) ........................................................................................ 2

*Sembly v. U.S. Bank Nat'l Assoc.*,
  No. 11-12322, 2012 WL 32737 (E.D. Mich. Jan. 6, 2012) ........................................... 8

*Walker v. Michael W. Colton Trust*,
  33 F. Supp. 2d 585, 594-595 (E.D. Mich. 1999) .......................................................... 8

*Weiner v. Klais & Co., Inc.*,
  108 F.3d 86, 89 (6th Cir. 1997 ...................................................................................... 8

*Woodland Harvesting, Inc. v. Georgia Pacific Corp.*,
  693 F. Supp. 2d 732; fn.3 (E.D. Mich. 2010) ............................................................... 7

## Statutes

42 U.S.C. § 1981 ................................................................................................... 4, 8

## Treatises

11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.30[4] (3d ed. 1998) ... 3

## Rules

Fed. Rules Civ. Proc. 8 .................................................................................. 3, 5, 7

Fed. Rules Civ. Proc. 8(a)(2) ................................................................................ 4

Fed. Rules Civ. Proc. 9 ......................................................................................... 7

Fed. Rules Civ. Proc. 10 ....................................................................................... 3

Fed. Rules Civ. Proc. 12(b)(6) .............................................................................. 2

## I. INTRODUCTION

Plaintiff Kevin Scott's ("Plaintiff") Amended Complaint contains one count, for breach of contract, and is based on the claims that Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("BANA"):(a) allegedly failed to apply his mortgage payments; and (b) allegedly failed to fulfill contractual duties to him. Although not pled as a cause of action, Plaintiff's Amended Complaint contains allegations of fraud on the part of BANA. In addition, Plaintiff's Amended Complaint suggests that race was a motivating factor for BANA's alleged breach of contract and that, as a result, his home was placed at risk for foreclosure. However, Plaintiff merely sets forth conclusory allegations, unsupported by any facts demonstrative of a viable claim against BANA. Accordingly, the claims set forth in Plaintiff's Amended Complaint are without legal merit.

Plaintiff's Amended Complaint should be dismissed at least for the following reasons:

> *First*, Plaintiff's Amended Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8.
>
> **Second**, Plaintiff's single cause of action alleging a beach of contract fails as a matter of law. Plaintiff fails to plead the requisite elements of the cause of action, and Plaintiff's prior breach of the mortgage contract bars his claim.
>
> **Third**, any allegations of fraud should be dismissed because Plaintiff fails to meet the pleading requirement of Federal Rule of Civil Procedure 9.
>
> **Fourth**, any allegations of racial discrimination should be dismissed because Plaintiff fails to include even the basic elements of the cause of action.

Therefore, BANA requests that the Court grant its Motion to Dismiss.

## II. STATEMENT OF FACTS

This matter involves real property located at 19343 Fieldstone, Farmington Hills, Michigan 48334 (the "Property"). On or about April 26, 2004, Plaintiff entered into a Mortgage with Bank of America, N.A. in the amount of $285,000. (*See* Mortgage, attached as Exh. A). Following inadequate monthly payments under the Mortgage, BANA started foreclosure proceedings against the Plaintiff. In his Amended Complaint, Plaintiff alleges that foreclosure proceedings were wrongfully started. *See* Am. Compl. at ¶ 19. Since Plaintiff filed his Amended Complaint, Plaintiff reinstated his Mortgage, and the sale of the Property was stopped.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *citing Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Thus, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *citing Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).[1]

## IV. ARGUMENT

A. <u>Plaintiffs' Amended Complaint Fails to Meet the Minimum Pleading Standard Under Federal Rule of Civil Procedure 8 and Should Be Dismissed in Its Entirety</u>.

As a threshold matter, Plaintiff's Amended Complaint is not plausible on its face. A claim must be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), *quoting Twombly*, 550 U.S. at 570. The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56). Stated another way, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct at 1954 (Rule 8 does not empower a party to plead bare elements of a cause of action, affix the label "general allegation" and expect the complaint to survive a motion to dismiss).

---

[1] Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the Plaintiffs' claim[.]" *eenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.30[4] (3d ed. 1998)). Specifically in contract cases, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document . . . .". *Weiner*, 108 F.3d at 89. "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc.*, 508 F.3d at 336 (internal citations omitted). Here, the Mortgage (attached as Exhibit A) is public record, and, further, the correspondence from BANA regarding the Plaintiff's mortgage payments (attached as Exhibits C and D) are related to the central subject of the Amended Complaint. As such, they may properly be attached to this Motion to Dismiss.

For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, *citing Twombly*, 550 U.S. at 556. The relevant question is not whether any facts could be conjured up that would state a claim for relief, but whether sufficient facts have been pled in the first instance to support the alleged legal claims. *Id.* at 1949-1952 (noting that "where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] … that the pleader is entitled to relief.'" (quoting FED. R. CIV. P. 8(a)(2)); *Twombly*, 550 U.S. at 555-57. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949

Applying this analysis here, Plaintiff's entire Amended Complaint must be dismissed. First, Plaintiff simply pleads mere conclusions of law. For instance, the Plaintiff makes bald legal conclusions that BANA violated certain statutes, including 42 U.S.C. § 1981, by simply stating that BANA negated his actions and prevented him from enforcing his contract because of his race. *See* Am. Compl. at p. 6. Indeed, when the Amended Complaint is stripped of its legal conclusions, as is required by *Iqbal*, it is apparent that Plaintiff has offered no factual content that would allow a reasonable fact-finder to conclude that BANA has committed any wrongdoing.

Additionally, the Amended Complaint is composed of entirely vague and conclusory allegations, such as in Count I where Plaintiff alleges that BANA "accepted [a] check for the same amount they rejected in April & May 2012" and that "[t]his violation of rights fall [sic] under 42USC [sic] section 1981 to enforce the contract." *Id.* at ¶ 20. Plaintiff also baldly alleges that "Defendants has [sic] made false representations and misleading statements to the Plaintiff and the court." *Id.* at ¶ 5. Such conclusory allegations are insufficient to meet

the pleading standard required under Rule 8. *Iqbal*, 129 S. Ct. at 1949, *citing Twombly,* 550 U.S. at 555-56. Therefore, Plaintiff's Amended Complaint should be dismissed in its entirety.

B. <u>Plaintiffs' Amended Complaint Fails to State a Claim for Breach of Contract</u>.

   1. Plaintiff Fails to Plead the Requisite Elements of a Breach of Contract Claim.

In Count I of the Complaint, Plaintiff attempts to assert a breach of contract claim. *See* Am. Compl. at ¶¶ 16-20. "To plead a breach of contract claim under Michigan law, a plaintiff must allege (1) the existence of a contract, (2) the terms of the contract, (3) breach of the contract by the defendant, and (4) that the breach caused the plaintiff's injury." *Haviland v. Metropolitan Life Ins. Co.*, No. 11-13176, 2012 WL 2403484, at *7 (E.D. Mich. June 26, 2012) (attached as Exh. B). Count I should be dismissed because Plaintiff fails to demonstrate that BANA breached a contract with Plaintiff.

Plaintiff fails to allege requisite elements (2) and (3) of a breach of contract claim. Plaintiff's Amended Complaint utterly fails to allege a single specific contract provision or term that BANA allegedly breached, nor does it contain a single allegation as to how any terms were allegedly breached. As a result, Plaintiff's breach of contract claim cannot survive. *See Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 876 (E.D. Mich. 2010) (dismissing contract claim containing only "conclusory allegations" and a "formulaic recitation of the elements of [the] claim").

Plaintiff also fails to allege requisite element (4) of a breach of contract claim. Even if Count I had been pled with particularity, it would fail to state a claim upon which relief may be granted because Plaintiff has not – and cannot – allege any injury. No foreclosure has taken place on Plaintiff's home, and Plaintiff's Mortgage has been reinstated. Thus, Plaintiff has suffered no damages, which is an element required to sustain the cause of

action. *See, e.g., New Freedom Mortg. Corp. v. Globe Mortg. Corp.*, 281 Mich. App. 63, 69, 761 N.W.2d 832, 837 (Mich. Ct. App. 2008). The lack of injury or damages is fatal to Plaintiff's breach of contract claim. As a result, Count I must be dismissed.

      2.      Plaintiff's Prior Substantial Breach of the Mortgage Contract Bars His Cause Of Action for Breach of Contract.

In Count I, Plaintiff alleges that BANA breached the contract by starting a "false foreclosure proceeding" against him. *See* Am. Compl. at ¶ 19. However, Plaintiff had not been paying the full amount of each monthly mortgage payment for months. (*See* Exh. C, Notices to Accelerate; Exh. D, Letters from BANA to Plaintiff). It is well-established under Michigan law that "one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent failure to perform." *Collins v. Macomb Co. Sheriff Anthony Wickersham, et al.*, 862 F. Supp. 2d 649, 657 (E.D. Mich. 2012) (internal citations omitted) (dismissing plaintiffs' claim for breach of the mortgage contract when plaintiffs failed to make the required loan payments). Thus, because Plaintiff breached the Mortgage first by failing to make each required monthly payment in full, his Amended Complaint must be dismissed.[2]

C.    <u>The Amended Complaint Fails to State a Viable Fraud Claim</u>.

Although Plaintiff's Amended Complaint does not contain a specific count alleging fraud, Plaintiff alleges that BANA "made false representations and misleading statements to the Plaintiff and to the court." *See* Am. Compl. at ¶ 5. It is well-settled that, in addition to meeting the pleading standard set forth in Federal Rule of Civil Procedure 8, "[a] plaintiff alleging fraud must meet [Federal Rule of Civil Procedure 9(b)'s ] heightened pleading

---

[2] Paragraph 2 of the Mortgage addresses the application of delinquent payments or partial payments under the Mortgage. (*See* Exh. A). When Plaintiff entered into the Mortgage on April 26, 2004, he agreed to these terms. Plaintiff received ample notice from BANA regarding his deficient payments. (*See* Exh. C).

standard by 'stating with particularity the circumstances constituting fraud or mistake." *Woodland Harvesting, Inc. v. Georgia Pacific Corp.*, 693 F. Supp. 2d 732, 739; fn.3 (E.D. Mich. 2010), quoting FED. R. CIV. PRO. 9(b). "The threshold test under Rule 9(b) is 'whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant to answer, addressing in an informed way plaintiff's claim of fraud.'" *Woodland Harvesting, Inc. v. Georgia Pacific Corp.*, 693 F. Supp. 2d at 739, *citing Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993). "In other words, a plaintiff must plead each element of a fraud claim with enough specificity so that a defendant can ascertain both the allegedly fraudulent statement as well as the context in which it was made." *Woodland Harvesting, Inc.*, 693 F. Supp. 2d at 739.

Plaintiff's Amended Complaint fails to set forth a claim for fraud against BANA because it merely states, in a conclusory fashion, that BANA "made false representations and misleading statements…". *See* Am. Compl. at ¶ 5. Plaintiff fails to allege specific facts above the speculative level and fails to put BANA on notice regarding the specific misrepresentations allegedly made. This Court has dismissed complaints containing more substantive allegations regarding fraud than the Plaintiff's Amended Complaint. *See Sembly v. U.S. Bank Nat'l Assoc.*, No. 11-12322, 2012 WL 32737, at *4 (E.D. Mich. Jan. 6, 2012) (dismissing fraud count that merely alleged that "[d]efendant failed to disclose to Plaintiffs their intention to go forward with the Sheriff Sale" and that "[d]efendant's representations were false, when they were made, as Defendant did not intend to fulfill its obligations to the Plaintiffs.") (attached as Exhibit E). As such, the Plaintiff's Complaint falls far short of alleging a cause of action for fraud, and any allegations based on fraud must be dismissed.

D. <u>The Amended Complaint Fails to a State a Cause of Action Under 42 U.S.C. § 1981</u>.

While Plaintiff's Complaint does not contain a specific count alleging a cause of action under 42 U.S.C. § 1981, Plaintiff alleges, in a conclusory fashion with no supporting facts, that BANA's conduct was related to his race. *See* Am. Compl., ¶¶ 20, 21. Plaintiff failed to set forth any of the elements required to sustain a cause of action for discrimination. *See, e.g., Walker v. Michael W. Colton Trust*, 33 F. Supp. 2d 585, 594-595 (E.D. Mich. 1999) (holding that debtor failed to state a cause of action under 42 U.S.C. § 1981 and § 1982 because "plaintiff fails to allege or set forth any facts tending to show that he was discriminated against on the basis of his racial background."). The Amended Complaint is completely devoid of any facts that support such a cause of action. Thus, any allegations of discrimination based on race must also be dismissed.

## V. CONCLUSION

For the reasons stated above, BANA requests that this Court (i) grant its Motion to Dismiss, (ii) dismiss Plaintiff's Amended Complaint with prejudice, and (iii) grant such further relief as is appropriate under the circumstances.

                Respectfully submitted,

                Maddin, Hauser, Wartell, Roth & Heller, P.C.

                */s/ Kristina E. Janssens*
                Kristina E. Janssens
                Maddin, Hauser, Wartell, Roth & Heller, P.C.
                28400 Northwestern Hwy, 3rd Floor
                Southfield, Michigan 48034
                Direct: (248) 359-7512
                kjanssens@maddinhauser.com
                Attorneys for Bank of America, N.A.

**Certificate of Service**

   I hereby certify that on November 1, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system. In addition, I served the foregoing paper via U.S. Mail to:

    Mr. Kevin Scott
    19343 Fieldstone
    Farmington Hills, MI 48334
    Pro Se Plaintiff

        */s/ Kristina E. Janssens*
        Kristina E. Janssens
        Maddin, Hauser, Wartell, Roth & Heller, P.C.
        28400 Northwestern Hwy, 3rd Floor
        Southfield, Michigan 48034
        Direct: (248) 359-7512
        kjanssens@maddinhauser.com
        *Attorneys for Bank of America, N.A.*