UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SCOTT, | Case No. 12-12864 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| BANK OF AMERICA, TROTT & TROTT, | Michael Hluchaniuk |
| and BAC HOME LOAN SERVICING, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
MOTION FOR SUMMARY JUDGMENT (Dkt. 40)
AND MOTION TO DISMISS (Dkt. 58)**

**I.      PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on June 28, 2012. (Dkt. 1). Plaintiff filed an amended complaint on July 5, 2012. (Dkt. 6). On November 1, 2012, defendant BAC Home Loans Servicing, LP (BANA), incorrectly identified as "Bank of America" and "BAC Home Loan Servicing" in the complaints, filed a motion to dismiss plaintiff's amended complaint. (Dkt. 40). Plaintiff filed a response on November 26, 2012. (Dkt. 48). BANA filed a reply on December 10, 2012. (Dkt. 53). On January 4, 2013, Trott & Trott filed a motion for summary judgment. (Dkt. 58). Plaintiff filed a response on January 16, 2013. (Dkt. 62).

This matter is now ready for report and recommendation. For the reasons set

forth below, the undersigned **RECOMMENDS** that BANA's motion to dismiss be **DENIED IN PART** and **GRANTED IN PART**, and that Trott & Trott's motion for summary judgment be **GRANTED**.

## II.   FACTUAL BACKGROUND

This matter involves real property located at 19343 Fieldstone, Farmington Hills, Michigan 48334. On April 26, 2004, plaintiff entered into a Mortgage with BANA in the amount of $285,000. (Dkt. 40-2). Following allegedly inadequate monthly payments under the mortgage, BANA started foreclosure proceedings against plaintiff. In his amended complaint, plaintiff alleges that foreclosure proceedings were wrongfully started. (Dkt. 6). Since plaintiff filed his amended complaint, plaintiff reinstated his mortgage, and the sale of the property was stopped. Plaintiff claims that he made payments totalling approximately $20,000 to BANA that were not properly credited and that the payment made to reinstate the mortgage was unnecessary because he had made all the appropriate payments, but they were not credited to his account. Plaintiff asserts breach of contract, fraud, and violations of 42 U.S.C. § 1981.

## III.   ANALYSIS AND CONCLUSION

### A.   Standards of Review

#### 1.   Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first

comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.,* quoting, *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is

not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). Thus, when applying *Twombly*, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue); however, the heightened pleading standard of Rule 9(b) still applies to any fraud claim.

      2.     Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of*

*Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admissions, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).[1]

  B.  <u>Breach of Contract Claim - BANA</u>

Rather than addressing BANA's overarching Rule 8 argument, the undersigned will address the sufficiency of the amended complaint under Rule 8 as to each claim. According to BANA, plaintiff's complaint fails to allege the requisite elements of a breach of contract claims, specifically, the terms of the contract or how BANA breached the contract. BANA also argues that plaintiff failed to identify any damages resulting from any alleged breach, given that no foreclosure has taken place and plaintiff's mortgage was reinstated. BANA also argues that plaintiff's prior breach of contract bars his breach of contract claim, given that it is well-established under Michigan law that "one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent failure to perform." *Collins v. Macomb Cnty. Sheriff Anthony Wickersham, et al.*, 862 F.Supp.2d 649, 657 (E.D. Mich. 2012) (internal citations

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself. *Id.* ("The standard for granting summary judgment remains unchanged.").

omitted) (dismissing plaintiffs' claim for breach of the mortgage contract when plaintiffs failed to make the required loan payments).

According to plaintiff, he has stated a claim for breach of contract because he has proven the existence of the contract, he has shown that defendant breached the contract by trying to sell plaintiff's home through a fraudulent foreclosure, and defendant falsely obtained money that did not belong to it. Plaintiff also asserts that BANA breached the contract when it took "illegal actions" against plaintiff during the "illegal" foreclose process, which has caused him considerable harm.

While plaintiff's complaint is not a model of clarity, it is clear that plaintiff's breach of contract claim is quite simple: he claims that BANA did not credit him for actual payments made in the amount of approximately $20,000 and when his mortgage was reinstated, he was forced to pay over $20,000, which he contends that he did not owe, as those payments were already made (but not credited to him). While plaintiff does not quote a particular provision of the parties' contract, the undersigned concludes that such is not strictly necessary under *Iqbal/Twombly*. It is still true, even after *Iqbal* and *Twombley*, that "the exact terms of the parties' contractual arrangement, whether the parties' written contract was modified in any material way, the effect of any additional terms, and whether additional consideration supported such a modification each present factual and legal questions that the pleadings simply cannot answer." *DSW Inc. v. Ziva Eva, Inc.*,

2011 WL 1336569, *3 (S.D. Ohio 2011), quoting *Colonial Trading, LLC v. Basset Furniture Industries, Inc.*, 2010 WL 5071174, *4 (W.D. N.C. 2010). With these principles in mind, the undersigned concludes that plaintiff has provided sufficient notice to BANA of the basis of his breach of contract claim.

The undersigned is also not persuaded that the rule of first to breach bars plaintiff's claim at this stage of the proceeding. The case cited by BANA is distinguishable. In *Collins*, the plaintiffs alleged that the defendants breached their obligations under the mortgage contract "by allowing MERS or its assigns to initiate a foreclosure by advertisement in violation of MCL 600.3204(1)(d)." *Id*. at 656. The Court concluded that, to the extent that the plaintiffs asserted that their claim arose from violations of Michigan's loan modification statute, such a violation does not constitute a breach of contract. *Id*. at 657. The Court also noted that the plaintiffs breached the agreement by failing to make the required loan payments, observing that "'one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform.'" *Id*., quoting *Michaels v. Amway Corp.*, 206 Mich.App. 644, 650; 522 N.W.2d 703 (1994). Thus, the Court concluded that the plaintiffs did not allege actions that would constitute a breach of the mortgage contract. *Collins*, 862 F.Supp.2d at 657.

In *Collins*, a post-foreclosure case, it does not appear that plaintiffs disputed

failing to make payments. In this case, plaintiff claims that he did not fail to make timely payments, that BANA failed to credit him for several payments, and that he did not owe the $20,000 payment to reinstate the loan, but paid it anyway to prevent a foreclosure. Under these circumstances – a motion to dismiss for failure to state a claim on which relief can be granted – it does not appear appropriate to resolve the merits of BANA's affirmative defense that plaintiff was the first to breach the contract, and therefore, is barred from making a breach of contract claim. Indeed, a complaint is not required to anticipate and negate affirmative defenses that the defendant might raise. *DSW*, 2011 WL 1336569, *3, citing *Harris v. Pepsi Bottling Group, Inc., Location No. 42*, 438 F.Supp.2d 728, 733 (E.D. Ky. 2006). Thus, the undersigned concludes that plaintiff's breach of contract claim against BANA states a claim on which relief may be granted.

    C.    <u>Fraud Claim - BANA</u>

BANA argues that the complaint fails to state a viable fraud claim. BANA points out that it is well-settled that, in addition to meeting the pleading standard set forth in Federal Rule of Civil Procedure 8, "[a] plaintiff alleging fraud must meet [Federal Rule of Civil Procedure 9(b)'s ] heightened pleading standard by 'stating with particularity the circumstances constituting fraud or mistake." *Woodland Harvesting, Inc. v. Georgia Pacific Corp.*, 693 F. Supp. 2d 732, 739; n. 3 (E.D. Mich. 2010), quoting Fed.R.Civ.P. 9(b). BANA contends that the

Amended Complaint fails to set forth a claim for fraud against BANA because it merely states, in a conclusory fashion, that BANA "made false representations and misleading statements…". *See* Am. Compl. at ¶ 5. And, plaintiff fails to allege specific facts above the speculative level and fails to put BANA on notice regarding the specific misrepresentations allegedly made. Plaintiff contends that defendants knowingly committed fraud against him when they submitted in writing to the Court that plaintiff missed six monthly mortgage payments and falsely stated that plaintiff owed an additional $20,104.29.

Under Michigan law, the elements constituting actionable fraud are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi-Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813 (1976), quoting *Candler v. Heigho*, 208 Mich. 115, 121, 175 N.W. 141 (1919). If even one of these elements is absent, the plaintiff will not prevail on a fraud claim. *Id*.

Rule 9(b) requires that the plaintiff at least:

> "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the

> defendants; and the injury resulting from the fraud."
> *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.
> 1993) (internal quotation marks and citations omitted);
> *see also United States ex rel. Branhan v. Mercy Health
> Sys. of Southwest Ohio*, No. 98–3127, 1999 WL 618018,
> at *1 (6th Cir. Aug. 5, 1999) (affirming dismissal of a
> complaint alleging improper billing in violation of the
> FCA because it "failed to allege a single specific incident
> in which improper billing occurred and the plaintiff never
> set forth the dates, times, or the names of individuals who
> engaged in the alleged improper billing"). Essentially, the
> amended complaint should provide fair notice to
> Defendants and enable them to "prepare an informed
> pleading responsive to the specific allegations of fraud."
> *Advocacy Org. for Patients & Providers v. Auto Club Ins.
> Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Michaels
> Bldg. Co. v. Ameritrust Co., N .A.*, 848 F.2d 674, 679 (6th
> Cir. 1988)).

*U.S. ex rel. Bledsoe v. Cmty Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

This heightened pleading requirement applies to *pro se* plaintiffs. *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001). Plaintiff's complaint is devoid of the factual allegations necessary to comply with Rule 9 and avoid dismissal. Thus, the undersigned recommends dismissal without prejudice of plaintiff's fraud claim.[2]

Additionally, plaintiff's fraud theory is merely a restated breach of contract claims. Michigan precludes a litigant from proceeding with a tort action for

---

[2] *Yaldu v. Bank of America Corp.*, 700 F.Supp.2d 832, 845 (E.D. Mich. 2010) ("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should be done only after the plaintiff has a chance to seek leave to amend the complaint."); *see also Boroff v. Alza Corp.*, 685 F.Supp.2d 704, 2010 WL 395211, *7 (N.D. Ohio 2010) ("The failure to properly plead fraud is not grounds for dismissal with prejudice."). In this case, however, plaintiff's fraud theory is merely a restatement of his breach of contract claim and therefore, the undersigned recommends dismissal without the opportunity to amend.

nonperformance of a contract. *Casey v. Auto Owners Ins. Co.*, 273 Mich.App. 388, 401, 729 N.W.2d 277 (2006); *Nelson v. Northwestern Savings and Loan Ass'n*, 146 Mich.App. 505, 509, 381 N.W.2d 757 (1985). "[T]here must be a breach of a duty separate and distinct from the duties imposed by the contract." *Nelson*, 146 Mich.App. at 509. Plaintiff has identified no such separate duty and his fraud claim fails for this reason.

    D.    <u>42 U.S.C. § 1981 - BANA</u>

According to BANA, while the amended complaint does not contain a specific count alleging a cause of action under 42 U.S.C. § 1981, plaintiff alleges, in a conclusory fashion with no supporting facts, that BANA's conduct was related to his race. *See* Am. Compl., ¶¶ 20, 21. Plaintiff failed, however, according to BANA, to set forth any of the elements required to sustain a cause of action for discrimination. *See e.g.*, *Walker v. Michael W. Colton Trust*, 33 F. Supp. 2d 585, 594-595 (E.D. Mich. 1999) (holding that debtor failed to state a cause of action under 42 U.S.C. § 1981 and § 1982 because "plaintiff fails to allege or set forth any facts tending to show that he was discriminated against on the basis of his racial background."). BANA contends that the Amended Complaint is completely devoid of any facts that support such a cause of action and therefore, any allegations of discrimination based on race must also be dismissed. Plaintiff contends that BANA knew plaintiff was an African-American living in a home

valued at over $700,000. According to plaintiff, BANA wanted a quick sale so a large profit could be made.

To state a claim for relief under § 1981, plaintiff must allege facts showing: (1) he is a member of a racial minority; (2) he sought to make or enforce a contract for services ordinarily provided by the defendants; and (3) he was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory. *Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001). Other than alleging that he is African-American and that the foreclosure was wrongful, plaintiff does not allege any facts from which the Court could plausibly infer that he was deprived of services provided to other similarly situated persons outside of the protected class, or that he received services in a markedly hostile or objectively discriminatory manner. His conclusory allegation that he was discriminated against because he is African-American, without more, fails to give the Court or defendants fair notice of the substance of his discrimination claim. *See Siloam v. Christ Hospital*, 2011 WL 1467375, *2 (S.D. Ohio 2011), citing *Erickson*, 551 U.S. at 93. Just as in *Siloam*, plaintiff's § 1981 claim "is tantamount to an unadorned 'the-defendant-unlawfully-harmed-me accusation'

prohibited by *Iqbal*." *Id*.

    E.    <u>Trott & Trott</u>

Trott & Trott was hired by BANA to initiate a foreclosure proceeding. That sale never occurred because plaintiff's mortgage was reinstated when he paid $20,104.29 to BANA on June 29, 2012. (Dkt. 58-2). At that time, Trott & Trott ceased the foreclosure process. After plaintiff filed his amended complaint and motions for injunctive relief, the motions were denied by the Court. Thus, according to Trott & Trott, the only remaining issue before the Court is plaintiff's breach of contract claim relating to his payments made on his mortgage. Trott & Trott points out that it is not a party to the mortgage and no enforceable contract exists between plaintiff and Trott & Trott. Trott & Trott asserts that it has no contract with plaintiff and plaintiff has paid no moneys to Trott & Trott; thus, the breach of contract claim fails.

In response, plaintiff identifies a litany of actions by Trott & Trott: it sent plaintiff letters regarding the foreclosure; plaintiff sent letters to Trott & Trott explaining that he had not missed any payments; Trott & Trott made "fraudulent" statements to plaintiff regarding how to stop the foreclosure; Trott & Trott set up an illegal foreclosure sale; Trott & Trott lied to the Court when it said that plaintiff had not made six mortgage payments; that race was a factor in this case; Trott & Trott failed to identify the six missing mortgage payments; the reinstatement check

was delivered to Trott & Trott; the retention of the overpayment of $537.50 was "outrageous" and plaintiff does not know who has this money - BANA or Trott & Trott; Trott & Trott was paid for its fraudulent conduct, even though the parties have no written contract; plaintiff claims that Trott & Trott must still be held responsible for its actions; Trott & Trott admitted that plaintiff was disputing the claim that the mortgage checks were missing; Trott & Trott falsely states that when plaintiff paid the "fraudulent $20,104.29," that money paid plaintiff's taxes along with the missed mortgage statements, and Trott & Trott has not proved that taxes from 2009 were owed in 2012. (Dkt. 62). Plaintiff argues that Trott & Trott's conduct violates the rules of professional conduct by assisting its client in illegal and fraudulent conduct. Plaintiff also argues that Trott & Trott's conduct violated his civil rights under § 1981.

 Plaintiff admits that he has no contract with Trott & Trott. Thus, this claim obviously fails. Even if fraud or § 1981 claims against Trott & Trott could be inferred from the amended complaint, such claims would fail for the same reasons set forth above. That is, no fraud claim has been stated with sufficient particularity and plaintiff's amended complaint does not state a § 1981 claim. In addition, the § 1981 claim fails because plaintiff admits there is no contract between him and Trott & Trott. Finally, the Michigan Rules of Professional Conduct do not give right to a private cause of action. *See* M.R.P.C. 1.0 ("The rules do not ... give rise

to a cause of action for enforcement of a rule or for damages caused by failure to comply with an obligation or prohibition imposed by a rule."). For these reasons, Trott & Trott is entitled to summary judgment and the complaint against it should be dismissed with prejudice.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that BANA's motion to dismiss be **DENIED IN PART** and **GRANTED IN PART**, and that Trott & Trott's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 30, 2013

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 30, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kristina E. Janssens, Martin S. Frenkel, Bree Anne Stopera and Ian M. Redmond, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Kevin Scott, 29343 Fieldstone, Farmington Hills, MI 48334.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov