UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT,

|  |  |
|---|---|
| Plaintiff, | Case Number 12-12864 |
| v. | Honorable David M. Lawson |
|  | Magistrate Judge Michael J. Hluchaniuk |

BANK OF AMERICA, TROTT & TROTT,
and BAC HOME LOAN SERVICING,

Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING
OBJECTIONS, GRANTING IN PART BANK OF AMERICA'S MOTION TO
DISMISS, GRANTING TROTT & TROTT'S MOTION FOR SUMMARY
JUDGMENT, DISMISSING AMENDED COMPLAINT IN PART,
AND RETURNING CASE TO MAGISTRATE JUDGE**

Plaintiff Kevin Scott filed a *pro se* complaint in this case against a bank and a law firm

arising from an aborted attempt by the defendants to foreclose the mortgage on the plaintiff's

residence. The complaint was amended shortly after filing. The Court referred this case to

Magistrate Judge Michael J. Hluchaniuk for pretrial management. Thereafter, defendant Bank of

America, N.A., successor by merger to BAC Home Loans Servicing, LP (identified in the amended

complaint as Bank of America and BAC Home Loan Serving, LP) filed a motion to dismiss, and the

law firm of Trott & Trott filed a motion for summary judgment. Judge Hluchaniuk filed a report on

May 30, 2013 recommending that the motion to dismiss be granted in part and the motion for

summary judgment be granted. The plaintiff filed timely objections, and the matters are before the

Court for *de novo* review.

According to the complaint, the dispute in this case emerged when Bank of America

apparently did not credit certain monthly payments to the plaintiff's mortgage account and turned

the matter over to Trott & Trott to begin foreclosure proceedings. Since plaintiff filed his amended

complaint, the defendants reinstated his mortgage, and the sale of the property was stopped.  The plaintiff alleges that he made payments totaling approximately $20,000 to Bank of America that were not credited properly.

The amended complaint lists a single count entitled "Breach of Contract," but the pleading also includes allegations that the defendants violated 42 U.S.C. § 1981 because their actions were racially motivated, and that the defendants gave the state court false information about the plaintiff's payment history when starting foreclosure proceedings.  The motions and the report and recommendation treat the amended complaint as attempting to state claims of breach of contract, discrimination, and fraud.

Bank of America argues in its motion to dismiss that the plaintiff has not pleaded facts sufficient to sustain his claims of breach of contract, fraud, or a violation of 42 U.S.C. § 1981.  Trott & Trott argues in its motion for summary judgment that the plaintiff has not offered any facts to sustain those claims against that defendant.  The magistrate judge concluded that the amended complaint adequately pleaded the elements of a breach of contract claim against Bank of America and recommended denial of that part of the Bank's motion.  Bank of America has not objected to the recommendation.  The magistrate judge also concluded that the amended complaint did not contain facts from which the elements of fraud could be inferred, and that the plaintiff did not satisfy the heightened pleading requirement for allegations of fraud required by Federal Rule of Civil Procedure 9(b).  He recommended that to the extent the plaintiff attempted to state a fraud claim, the motion to dismiss be granted.  The magistrate judge also determined that the section 1981 claim fails for the same reason the plaintiff's fraud claim fails: the plaintiff merely stated in conclusory fashion that the foreclosure was wrongful and based on his race.

The magistrate judge found that the plaintiff had no actionable claims against Trott & Trott and recommended that the complaint be dismissed as to that defendant. He reasoned that because the plaintiff acknowledged that he had no contract with Trott & Trott, there could be no claim against it for breach of contract. He also determined that the fraud and section 1981 claims were not stated adequately and should be dismissed for the same reasons he gave as to Bank of America's arguments.

The plaintiff filed timely objections to the report and recommendation and both defendants filed replies. When a party files objections to a magistrate judge's report, the Court gives fresh review to the challenged part of that report. "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

*First Objection*

The plaintiff first objects to the magistrate judge's determination that the plaintiff did not allege sufficient facts to sustain a section 1981 discrimination claim against Bank of America. He takes no issue with the part of the report concluding that his amended complaint is wanting. Instead, the plaintiff offers additional facts: that he previously filed a complaint with Bank of America in person, so the employees of the bank knew his race and the price of his home; and that Bank of America did not respond to his communications like the bank normally would with other homeowners because he was African American.

The plaintiff also contends that he made an oral agreement with a Bank of America employee, whom he identifies as "manager Michael," who allegedly told the plaintiff that no escrow account would be attached to the plaintiff's mortgage. The plaintiff contends that the agreement was arranged in order for the plaintiff to repay the property taxes Bank of America advanced. He says that Bank of America has a recording of this oral agreement and contends that it refused to honor it, which denied the plaintiff the benefit and privileges of the contractual relationship.

This objection fails to address the pleading defects found by the magistrate judge. In order to state a viable claim, the plaintiff must state facts in the complaint that include all the elements of his cause of action. The complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But as the Sixth Circuit explained,

> [t]o survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009).

-4-

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).  Stated differently, under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court, but conclusions ought not be accepted unless they are plausibly supported by the pleaded facts.  "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded.  *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

The elements of a claim under 42 U.S.C. § 1981 are that (1) the plaintiff was a member of a protected class; (2) he sought to make or enforce a contract for goods or services that the defendant usually provides; and (3) he "was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory." *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001).  As the magistrate judge observed, the plaintiff alleged in the amended complaint only that Bank of America discriminated against him because he is an African American.  He adds little in his objections that enlarges on that conclusion.  "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded.  *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).  The plaintiff's assertions are conclusory; he objects to the magistrate judge's finding that he failed to establish a claim under section 1981, but fails to specify why.  The

plaintiff's conclusory allegations do not furnish enough factual material for the Court to validate any inference the plaintiff seeks to draw. The first objection will be overruled.

### Second and Fourth Objections

In his second objection, the plaintiff challenges the magistrate judge's finding that the plaintiff did not state a claim for fraud against Trott & Trott with sufficient particularity. In his fourth objection, he mounts the same challenge to the finding on his claim against Bank of America. The plaintiff contends that he identified several fraudulent actions by Trott & Trott, including allegations of false statements, missing money and a lack of response to phone calls. Citing *Trepel v. Pontiac Osteopathic Hospital*, 135 Mich. App. 361, 354 N.W.2d 341 (1984), the plaintiff argues that attorneys are not immune from allegations that they were personally involved in wrongful and intentional conduct forming the basis for a cause of action. He contends that he relied on the misleading correspondence with Trott & Trott and their fraud in those letters led to the plaintiff's harm. He also alleges that Bank of America fraudulently stated that the plaintiff did not make six mortgage payments in 2010, and contends he has proof that this was fraudulent.

To plead a case of fraud, however, the plaintiff must be specific. Fed. R. Civ. P. 9(b). *see also Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud."

*Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted). Where there are multiple defendants, a claim must identify which of the defendants made the alleged misrepresentations. *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

The essence of the plaintiff's fraud allegations is that the Bank did not credit him with all the payments he said he made, and they turned the account over to the foreclosure attorneys. Digging a little deeper into the factual discussion in the motion papers, it appears that the dispute might arise over whether the plaintiff owed the Bank a sum for a property tax payment that may have been late, and whether the Bank properly set up an escrow account and deducted money for the monthly share of tax payments anticipated. The Court understands the plaintiff's expression of frustration over the Bank's failure to communicate clearly and its possible bureaucratic incompetence. However, the plaintiff has not alleged facts in the amended complaint from which one could infer that the actions of the defendants were fraudulent. The magistrate judge correctly observed that the fraud claim is merely a restatement of the breach of contract claim against Bank of America.

### Third Objection

The plaintiff also objects to the magistrate judge's finding that the plaintiff did not have a contract with Trott & Trott, and therefore the plaintiff's breach of contract claim against that defendant must fail. The plaintiff admits that he did not have a written contract with Trott & Trott, but contends that the firm still should be held liable because Bank of America hired Trott & Trott and directed the plaintiff to conduct business solely with Trott & Trott in relation to the foreclosure proceedings.

Perhaps the plaintiff is arguing that Trott & Trott was Bank of America's agent, and the law firm's conduct violated the contract the plaintiff had with the Bank. Even if that were true, however, the fact remains that it was the Bank, not the law firm, that is the contracting party. If Trott & Trott caused a breach of the mortgage contract, it is still the Bank that would be accountable as the contracting party. The magistrate judge was correct in his conclusion that the law firm cannot be found liable for a breach of contract claim under the facts pleaded in the amended complaint.

The magistrate judge also recommended that Trott & Trott's motion for summary judgment be granted with respect to the plaintiff's section 1981 claim. The plaintiff did not object to the magistrate judge's finding on that claim; "the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd*, 380 F.3d at 912.

* * * * * * * * * * *

The magistrate judge correctly concluded that defendants' motions should be granted. It appears that a defendant remains in the case on the breach of contract theory. Therefore, the case will be returned to the magistrate judge.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #87] is **ADOPTED**, and the plaintiff's objections [dkt. #93] are **OVERRULED**.

It is further **ORDERED** that the defendant Bank of America's motion to dismiss [dkt. #40] are **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that defendant Trott & Trott's motion for summary judgment [dkt. #58] is **GRANTED**.

-8-

It is further **ORDERED** that the claims in the amended complaint based on fraud and a violation of 42 U.S.C. § 1981 are **DISMISSED** as to defendant Bank of America, and the amended complaint is **DISMISSED** in its entirety as to defendant Trott & Trott.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt. #3] to ready the matter for trial, and to conduct a trial if the parties consent under 28 U.S.C. § 626(b)(1)(c).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 23, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON

---